Mark E. DeGROFF and Loveta S. DeGroff, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 302-70.

United States Court of Appeals, Tenth Circuit.

June 14, 1971.

**1386**

Lowry McKee, Tulsa, Okl., for petitioners-appellants.

Ernest J. Brown, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Gilbert E. Andrews, Attys., Dept. of Justice, with him on the brief), for respondent-appellee.

Before CLARK,* Associate Justice, LEWIS, Chief Judge, and ADAMS**, Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the United States Tax Court wherein that court upheld the Commissioner's determination of a deficiency assessment against taxpayers, husband and wife, for personal income taxes for the year 1964. The single issue presented is whether corporate distributions made to taxpayers as the sole shareholders in Medco Electronics Co., Inc. were received as liquidating distributions from that company or as part of a corporate reorganization with another corporation wholly owned by taxpayers and thus properly taxed as dividends under 26 U.S.C. § 356(a) (2). The Tax Court found that there was a transfer of substantially all of Medco Electronics' assets to the second corporation and held that the transaction constituted a corporate reorganization under 26 U.S.C. § 354(b) (1) (A) and 26 U.S.C. § 368(a) (1) (D). We affirm.

■■ The opinion of the Tax Court is reported at 54 T.C. 59 and sets forth the factual background of the subject transaction in complete and accurate detail. Taxpayers' principal appellate contention is that the Tax Court erred in determining that substantially all of the assets of Electronics reached the surviving corporation because DeGroff did not specifically transfer a license under a personally owned patent and granted to Electronics but not to his other company. This contention was fully considered and properly rejected by the Tax Court as determinative. A license by the owner of a patent may be granted by conduct as well as contract and where, as here, the patent owner controls the corporate entity and acquiesces in the manufacture of the patented product for his own indirect benefit, substance overwhelms form. Taxpayers' argumentative considerations of possible complications had the DeGroffs become involved in divorce or bankruptcy do not impress or convince us otherwise.

The decision of the Tax Court is correct, the opinion of that court is in accord with this court's opinion in Babcock v. Phillips, 10 Cir., 372 F.2d 240, and we affirm for the reasons set forth in 54 T.C. 59 to the extent that opinion is directed to a reorganization under 26 U.S.C. § 354(b) (1) (A) and 26 U.S.C. § 368(a) (1) (D).

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

** Of the Third Circuit, sitting by designation.